# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 7296 | **DATE** | 1/16/2013 |
| **CASE TITLE** | Offor vs. Illinois Department of Human Services, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Defendants' motion to dismiss [35] is granted in part.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

**I.    Background**

From March 2003 to November 2010, Plaintiff was employed by Illinois Department of Human Services (IDHS) as a clinical pharmacist. On October 1, 2010, Plaintiff alleges that Defendant Sandra Alvarado, one of his coworkers, told him that he "had not done his inspection." Plaintiff claims to have responded that he knew that he had to do "an inspection" and that Alvarado did not have to remind him. According to the complaint, Alvarado then "charged at Plaintiff, pointed her fingers at Plaintiff's face and was saying all sorts of derogatory statements to the Plaintiff." Compl. ¶ 23. Plaintiff claims that he didn't respond but "just ignored her and kept his silence." Compl. ¶ 24.

Later that day, Plaintiff was working at the end of a table when Alvarado allegedly "came from nowhere and ordered Plaintiff to get his things off the table for her so that she could start working on [something else]." Compl. ¶ 25. "As usual, Plaintiff was silent and did not respond." Compl. ¶ 26. "All of a sudden, Alvarado pushed the empty cassette forcefully towards the Plaintiff and the force from the cassette pushed Plaintiff's papers and other stuff onto the ground." Compl. ¶ 27. "Plaintiff pushed the cassette back." Compl. ¶ 28. "Alvarado hit Plaintiff with the cassette, also kicked and punched the Plaintiff, and threatened to kill the Plaintiff." Compl. ¶ 29. "Plaintiff maintained his calmness and did not respond." Compl. ¶ 30. The pharmacy staff restrained Alvarado and told her to stop.

Plaintiff and Alvarado were placed on administrative leave. On November 30, 2010, allegedly on Defendant George Enich's recommendation, Defendant Phil Mahalik fired Plaintiff. Alvarado was not fired. Plaintiff is black and from Nigeria, and he claims that he was harassed by Alvarado and fired by his employer because of his race and national origin. In his third amended complaint, Plaintiff alleges violations of Title VII (Counts I and III), 42 U.S.C. § 1981 (Count II), as well as state law claims for breach of contract (Count IV, but mislabeled in his complaint as Count III) and intentional infliction of emotional distress (IIED) (Count V). Defendants have moved to dismiss [35] some of the claims and parties.

**STATEMENT**

**II.     Legal Standard**

The purpose of a Rule 12(b)(6) motion to dismiss is not to decide the merits of the case; a Rule 12(b)(6) motion tests the sufficiency of the complaint. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). In reviewing a motion to dismiss under Rule 12(b)(6), the Court takes as true all factual allegations in Plaintiff's complaint and draws all reasonable inferences in his favor. *Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007). To survive a Rule 12(b)(6) motion to dismiss, the claim first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief" (Fed. R. Civ. P. 8(a)(2)), such that the defendant is given "fair notice of what the * * * claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Second, the factual allegations in the claim must be sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). However, "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the * * * claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Twombly*, 550 U.S. at 555) (ellipsis in original). The Court reads the complaint and assesses its plausibility as a whole. See *Atkins v. City of Chi.*, 631 F.3d 823, 832 (7th Cir. 2011); *cf. Scott v. City of Chi.*, 195 F.3d 950, 952 (7th Cir. 1999) ("Whether a complaint provides notice, however, is determined by looking at the complaint as a whole."). The same legal standard applies to counter-claims. See *Guarantee Trust Life Ins. v. Insurers Administrative Corp.*, 2010 WL 3834026, at * 1 (N.D. Ill. Sept. 24, 2010).

**III.    Analysis**

In their motion to dismiss, Defendants argue that (1) Plaintiff's Title VII claims against IDHS and Defendants in their official capacity should be dismissed as redundant; (2) Plaintiff's Title VII claim against Defendant Alvarado in her individual capacity should be dismissed because individuals are not proper defendants under Title VII; (3) Plaintiff's § 1981 race discrimination claim against IDHS and Defendant Saddler in her official capacity is barred by the Eleventh Amendment; (4) Plaintiff failed to state a § 1981 claim against Defendant Alvarado; (5) Plaintiff's state law claims are barred by the Eleventh Amendment; (6) punitive damages may not be awarded against the state; and (7) Plaintiff has not stated a hostile work environment claim.

   **1.     Redundant Official-Capacity Claims**

Defendants are correct that Plaintiff's claims against IDHS and the official capacity Defendants are redundant. A suit against an official in his or her official capacity is a suit against the government entity. See *Kentucky v. Graham*, 473 U.S. 159, 165-67 (1985) ("As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. * * * It is not a suit against the official personally, for the real party in interest is the entity."); *Jungels v. Pierce*, 825 F.2d 1127, 1129 (7th Cir. 1987) ("the complaint names the mayor as a defendant in his official capacity only, which is the equivalent of suing the city"). "Where the plaintiff names the government entity as a defendant in the suit, the claim against the individual in her official capacity is redundant." *Levin v. Madigan*, 697 F. Supp. 2d 958, 973 (N.D. Ill. 2010). Having sued IDHS, Plaintiff's claims against Defendants Saddler, Mahlik, and Enich in their official capacities as agents of IDHS are redundant and are therefore dismissed. IDHS, the state agency, is suable in this instance because there is no Eleventh Amendment immunity to suits under Title VII. *Merheb v. Illinois State Toll Highway Authority*, 267

**STATEMENT**

F.3d 710, 711 (7th Cir. 2001) (citing *Fitzpatrick v. Bitzer*, 427 U.S. 445, 448-49 (1976)).

### 2. Title VII Claims Against Personal-Capacity Defendants

Plaintiff concedes that Title VII claims against the individual defendants in their personal capacities are improper. See, e.g., *Sebastian v. City of Chicago*, 2008 WL 2875255, at *20-21 (N.D. Ill. July 24, 2008) ("individual defendants are not amenable to suit in their personal capacity under Title VII") (citing *Silk v. City of Chicago*, 194 F.3d 788, 798 n. 5 (7th Cir. 1999) ("Our case law is clear that a supervisor cannot be held liable in his individual capacity under the ADA or under Title VII.")). To the extent that Plaintiff has attempted to sue Defendants in their personal capacities under Title VII, those claims are dismissed.

### 3. Section 1981 Claims for Money Damages Against Illinois

Plaintiff's § 1981 claim for money damages against IDHS and Defendant Saddler in her official capacity is barred by the Eleventh Amendment. IDHS is an Illinois state agency and so a suit against IDHS is the equivalent of a suit against the state. Such suits are barred by the Eleventh Amendment. *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). The same is true for Plaintiff's § 1981 claim for money damages against Defendant Saddler in her official capacity. A suit against an official in her official capacity is equivalent to a suit against the agency she represents — in this case, IDHS, a state agency. Plaintiff's § 1981 claim against Defendant Saddler is therefore barred by the Eleventh Amendment. See, *e.g., Hearne v. Board of Educ. of City of Chicago*, 185 F.3d 770, 776 (7th Cir. 1999) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64-71 (1989); *Kroll v. Board of Trustees of the Univ. of Ill.*, 934 F.2d 904, 909 (7th Cir.1991); *Rucker v. Higher Educ. Aids Bd.*, 669 F.2d 1179, 1184 (7th Cir.1982)).

Plaintiff does not concede Defendants' point, but instead argues that Illinois has waived its Eleventh Amendment immunity from § 1981 claims in 745 ILCS 5/1. Plaintiff is mistaken. See, e.g., *Titus v. Illinois Dept. of Transp.*, 828 F. Supp. 2d 957, 967 (N.D. Ill. 2011) ("The State of Illinois has not waived its Eleventh Amendment immunity as it relates to Section 1981 claims nor has congress abrogated immunity for Section 1981 claims." (citing 745 ILCS 5/1)).

There is no Eleventh Amendment bar to suits for prospective injunctive relief against a state official sued in his or her official capacity, *Ex parte Young*, 209 U.S. 123 (1908); *Bruggeman ex rel. Bruggeman v. Blagojevich*, 324 F.3d 906, 912 (7th Cir. 2003), and Plaintiff's complaint recites a request for such relief: "Plaintiff respectfully requests that the court provide the following equitable and monetary relief: * * * (b) Order a permanent injunction prohibiting the Defendants * * * from further acts of discrimination; * * * (g) Enter an order requiring the Defendants to implement effective steps to eliminate and remediate race discrimination from the Defendant's organization." Compl. at 8.

"To seek injunctive relief, a plaintiff must show that he is under threat of suffering 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to the challenged action of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." *Summers v. Earth Island Inst.,* 555 U.S. 488, 493 (2009); *Vasich v. City of Chicago*, 2013 WL 80372, at *8 (N.D. Ill. Jan. 7, 2013). Plaintiff no longer works at IDHS and has not asked for reinstatement. See *Humphrey v. Elgin Mental Health*, 2011 WL 1768805, at *2 (N.D. Ill. May 9, 2011). He is not, in other words, under a real or immediate threat of future harm. See *Titus*, 828 F. Supp. 2d at 967; *Sierakowski v. Ryan*, 223 F.3d 440, 445 (7th Cir. 2000). Plaintiff seeks damages for discriminatory discharge and injuries related to his discharge; that is plain from his complaint and his brief in opposition to

| STATEMENT |
|---|

Defendants' motion to dismiss. His tacked-on demand that the Court order IDHS to follow civil rights laws in the future does not state a claim for injunctive relief. See *Vasich*, 2013 WL 80372 at *9. Setting aside whether Plaintiff would have standing to seek such relief, he has not alleged that any discriminatory practices will persist in the future, as would be necessary to state a claim for injunctive relief. *Id.*

### 4. Section 1981 Claim against Defendant Alvarado

Defendants argue that Plaintiff has failed to state a § 1981 claim against Defendant Alvarado. Defendants' argument is that Plaintiff's § 1981 claim is for discriminatory discharge and that Plaintiff has not alleged that Alvarado — his coworker, not his boss — caused him to be fired. Like Plaintiff, Alvarado was suspended after their scuffle. The problem, it seems, was that Alvarado was allowed to resume working at IDHS after the suspension and Plaintiff was not. See, *e.g.*, compl. ¶ 34.

"Because there is no respondeat superior or supervisory liability in the context of §§ 1981 and 1983, a plaintiff must show that *each* defendant, through that defendant's own individual actions, intended to discriminate on the basis of a protected class." *Sommerfield v. City of Chicago*, 2011 WL 4553021, at *2 (N.D. Ill. Sept. 29, 2011). The Court agrees with Defendants that Plaintiff has not alleged that Alvarado caused his wrongful discharge. Thus, insofar as Plaintiff's § 1981 claim is for wrongful discharge, Plaintiff has not stated a claim against Alvarado.

### 5. State Law Claims

Defendants argue that sovereign immunity bars Plaintiff's state law claims for breach of contract and intentional infliction of emotional distress against IDHS and the official-capacity Defendants. Defendants are correct. As already mentioned, a suit against IDHS is the equivalent of a suit against the state for immunity purposes, and a suit against IDHS officials in their official capacity is equivalent to a suit against the agency itself. The Eleventh Amendment prohibits a federal court from adjudicating state law claims against the state and its agencies where, as here, it does not consent. See, *e.g., Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Scott v. O'Grady*, 975 F.2d 366, 369 (7th Cir. 1992) ("All suits against a state or its agencies are barred by the Eleventh Amendment unless the state consents to suit in federal court or Congress uses its powers under the Fourteenth Amendment to abrogate the state's Eleventh Amendment immunity."); *Lowe v. Cook County Circuit Court Clerk*, 2000 WL 1372860, at * 5 (N.D. Ill. Sept. 22, 2000) (claims for breach of contract and intentional infliction of emotional distress against Illinois state agency dismissed based on doctrine of sovereign immunity); 745 ILCS 5/1; 745 ILCS 5/1.5.

### 6. Punitive Damages

Defendant argues that punitive damages may not be awarded against the state. Plaintiff agrees and has withdrawn his request for punitive damages against IDHS and the official-capacity defendants. See, *e.g.*, *Baker v. Runyon*, 114 F.3d 668, 669 (7th Cir. 1997); 42 U.S.C. § 1981a(b)(1) ("A complaining party may recover punitive damages under this section against a respondent (other than a government, government agency or political subdivision) if the complaining party demonstrates that the respondent engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual.").

### 7. Hostile Work Environment

Offensive discriminatory behavior in the workplace may give rise to an actionable claim under Title VII or §

**STATEMENT**

1981 for a "hostile work environment." See, e.g., *Smith v. Sheahan*, 189 F.3d 529, 532-33 (7th Cir. 1999). To support a claim, the alleged conduct must be severe or pervasive. *Id.* Defendants devote a section of their motion to the proposition that Plaintiff has failed to allege a hostile work environment claim. Plaintiff appears to concede the point. Plaintiff did use the phrase "hostile work environment" in his complaint and in his brief opposing Plaintiff's motion to dismiss, but only in generally introducing the complaint, see compl. ¶ 16, and in supporting his allegation of intentional infliction of emotional distress, see dkt. 38 at 9-10. For instance, in a section of his response brief titled "Plaintiff Has Stated A Cause of Action For Intentional Infliction of Emotional Distress," Plaintiff argues that "[t]he hostile work environment created by Defendant caused Plaintiff to have severe headaches, stress, anxiety, emotional distress, restlessness, fatigue, irritability, insomnia, and situational depression."

In short, Plaintiff does not challenge Defendants' assertion that Plaintiff has not alleged a hostile work environment *claim* under Title VII or § 1981, even if he maintains that he has been injured by Defendants' "hostility." The Court also notes that although one event may create a hostile work environment, see *EEOC v. International Profit Associates, Inc.*, 2008 WL 4876860, at * 7 (N.D. Ill. July 14, 2008), the conduct complained of here does not appear to be sufficiently egregious. Recall that according to Plaintiff's complaint, Plaintiff's coworkers came to Plaintiff's aid during Alvarado's outburst, restrained Alvarado, and told her to stop.

### IV. Conclusion

For the reasons stated above, Plaintiff has stated a Title VII claim against IDHS and an IIED claim against Defendant Alvarado. Plaintiff's other claims are dismissed and, to that extent, Defendants' motion to dismiss [35] is granted.

.